1
2
3       IN THE UNITED STATES DISTRICT COURT
4       FOR THE NORTHERN DISTRICT OF CALIFORNIA
5
6   MICHAEL DALLAS JAMES,              )    No. C 07-0782 JSW (PR)
                                       )
7            Petitioner,               )
                                       )
8        vs.                           )    **ORDER TO SHOW CAUSE**
                                       )
9   ROSEANNE CAMPBELL, Warden,         )
                                       )
10           Respondent.               )
                                       )
11   _____   )
12
                        **INTRODUCTION**
13
        Petitioner, a prisoner of the State of California, currently incarcerated at Mule
14
Creek State Prison in Ione, California, has filed a habeas corpus petition pursuant to 28
15
U.S.C. § 2254 challenging the constitutional validity of his state conviction.  Petitioner has
16
paid the filing fee.  This order directs Respondent to show cause why the petition should
17
not be granted.
18
                         **BACKGROUND**
19
        According to the petition, Petitioner was sentenced on August 26, 1997 to 26 years
20
and four months incarceration after a guilty plea in the Santa Clara County Superior Court
21
to voluntary manslaughter, possession of a firearm, a "serious prior" conviction and the
22
imposition of a sentencing enhancement under Penal Code §667(a).  Petitioner raised his
23
claims in the  California Court of Appeal by a petition for writ of habeas corpus, which
24
was denied in 2005.  The Supreme Court of California denied Petitioner's habeas petitions
25
in 2006 and 2007.  The instant federal habeas petition was filed on February 6, 2007.
26
                         **DISCUSSION**
27   I        Standard of Review
28
        This court may entertain a petition for a writ of habeas corpus "in behalf of a person

in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States."  28 U.S.C. § 2254(a).

It shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto."  *Id.* § 2243.

II   Legal Claims

The petition raises the following ground for relief: 1) Petitioner did not knowingly and voluntarily waive his right to trial on the "serious" felony prior; and 2) Petitioner suffered ineffective assistance of counsel under the Sixth Amendment in defense counsel's advice to Petitioner that he plead guilty to the prior "serious" felony conviction. Liberally construed, it does not appear from the face of the petition that Petitioner is not entitled to relief on his claims.  Accordingly, Respondent is ordered to respond to the petition as set forth below.

**CONCLUSION**

For the foregoing reasons and for good cause shown,

1.  The Clerk shall serve by certified mail a copy of this order and the petition, and all attachments thereto, on Respondent and Respondent's attorney, the Attorney General of the State of California.  The Clerk also shall serve a copy of this order on Petitioner.

2.  Respondent shall file with the Court and serve on Petitioner, within **sixty (60)** days of the issuance of this order, an answer conforming in all respects to Rule 5 of the Rules Governing Section 2254 Cases, showing cause why a writ of habeas corpus should not be granted.  Respondent shall file with the answer and serve on Petitioner a copy of all portions of the state trial record that have been transcribed previously and that are relevant to a determination of the issues presented by the petition.  If Petitioner wishes to respond to the answer, he shall do so by filing a traverse with the Court and serving it on Respondent within **thirty (30)** days of his receipt of the answer.

3.   Respondent may file a motion to dismiss on procedural grounds in lieu of an answer, as set forth in the Advisory Committee Notes to  Rule 4 of the Rules Governing Section 2254 Cases.  If Respondent files such a motion, Petitioner shall file with the Court and serve on Respondent an opposition or statement of non-opposition within **thirty (30)** days of receipt of the motion, and Respondent shall file with the Court and serve on Petitioner a reply within **fifteen (15)** days of receipt of any opposition.

4.   It is Petitioner's responsibility to prosecute this case.  Petitioner must keep the Court informed of any change of address by filing a separate paper captioned "Notice of Change of Address."  He must comply with the Court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b)

IT IS SO ORDERED.

DATED:  July 26, 2007

_____
JEFFREY S. WHITE
United States District Judge

3

UNITED STATES DISTRICT COURT

FOR THE

NORTHERN DISTRICT OF CALIFORNIA

MICHAEL DALLAS JAMES,

        Plaintiff,

  v.

ROSEANNE CAMPBELL et al,

        Defendant.
_____/

Case Number: CV07-00782 JSW

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on July 26, 2007, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Michael Dallas James
P07062
M.C.S.P.
P.O. Box 409020
Ione, CA 95640

Dated: July 26, 2007

Richard W. Wieking, Clerk
By: Jennifer Ottolini, Deputy Clerk